IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EUDALDO NAVARRO, | § | |
| | § | |
| Plaintiff Below, | § | No. 157, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| DAYANA BEDOLLA-FIGUEROA, | § | C.A. No. N22C-04-070 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 28, 2022
Decided: December 21, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief and the record below, it appears to the Court that:

(1)    The plaintiff-below, Eduardo Navarro, appeals the Superior Court's dismissal of the complaint he filed against the defendant below-appellee, Dayana Bedolla-Figueroa. We find no merit to the appeal and affirm the Superior Court's judgment.

(2)    On April 13, 2022, Navarro filed a complaint against Bedolla-Figueroa, his ex-wife, in the Superior Court. In the complaint, Navarro alleged that Bedolla-Figueroa concealed her February 2018 petition for divorce from him and

subsequently sold the marital home without sharing the sale proceeds with him. Based on this alleged conduct, Navarro asserted claims for fraud and reckless infliction of pain and emotional distress.

(3)   Upon initial review, the Superior Court dismissed the complaint. The court found that it plainly appeared from the face of the complaint that Navarro was not entitled to relief in the Superior Court because the allegations involved the distribution of marital assets, which fell exclusively within the jurisdiction of the Family Court. This appeal followed.

(4)   On appeal, Navarro admits that the alleged fraud occurred in the Family Court, but argues that the Family Court does not have jurisdiction because the marital property was sold. In making this argument, he relies upon a transcript, which he did not provide in the proceedings below, of a May 4, 2021 custody hearing in the Family Court. At the end of the hearing, Navarro apparently raised the issue of the marital property[1] and the Family Court stated that it did not have jurisdiction because neither party had asked the Family Court to retain jurisdiction over division of the property. We review the Superior Court's dismissal of Navarro's complaint *de novo*.[2]

(5)   The  Family Court "has exclusive jurisdiction over all proceedings

---

[1] The transcript provided does not include Navarro's testimony, which was in Spanish.
[2] *KnighTek, LLC v. Jive Comm'ns, Inc.*, 225 A.3d 343, 350 (Del. 2020).

relating to divorce and annulment in Delaware, including the disposition of marital property."[3] The Superior Court correctly found that Navarro's complaint sought relief within the exclusive jurisdiction of the Family Court.[4] Even if the custody hearing transcript Navarro relies upon to argue otherwise is properly before this Court,[5] the Family Court's comments concerning jurisdiction do not mean Navarro could file his claims concerning the marital property in the Superior Court instead of the Family Court. The Family Court was only noting that the parties had not asked the court to retain jurisdiction over ancillary matters at the time of the divorce petition and emphasized that Navarro had not filed any motion for relief in the Family Court. If Navarro believes Bedolla-Figueroa concealed the divorce petition from him and intentionally deprived him of the opportunity to obtain his share of marital property, he must seek relief in the Family Court.[6] The Superior Court did

---

[3] *Oakes v. Oakes*, 2011 WL 537574, at *2 (Del. Feb. 16, 2011) (citing 10 *Del. C.* § 921(11) and 13 *Del. C.* § 1513). *See also* 13 *Del. C.* § 507(a) ("The Family Court of the State shall have exclusive original jurisdiction over all actions arising under this chapter. The Court shall have exclusive jurisdiction over the construction, reformation, enforcement and rescission of agreements made between future spouses, spouses and former spouses concerning the payment of support or alimony, the payment of child support or medical support, the division and distribution of marital property and marital debts and any other matters incident to a marriage, separation or divorce.").

[4] *See, e.g., Benge v. Oak Motor Grove Court, Inc.*, 2006 WL 345006, at * (Del. Ch. Feb. 7, 2006) (holding that the Family Court, not the Court of Chancery, was the proper tribunal for plaintiff who was trying to reopen a martial property division and obtain his share of marital property that had been sold), *aff'd*, 2006 WL 1725615 (Del. June 21, 2006).

[5] *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").

[6] In similar situations, former spouses have filed motions under Family Court Civil Rule 60(b) to reopen divorce proceedings for the purposes of property division. *See, e.g., Knight v. Sanders*,

not err in dismissing Navarro's complaint for lack of subject matter jurisdiction.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

---

2011 WL 5840328 (Del. Nov. 21, 2011); *Lambert v. Lambert*, 1999 WL 507235, at *1 (Del. June 3, 1999).